UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Cause No. 1:04-cr-0096-01 (M/F) |
| ISIAH THOMPSON, | ) ) | |
| Defendant. | ) | |

### **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Orders entered by the Honorable Larry J. McKinney, Judge, on February 15, 2011, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on January 24, 2011, and Supplemental Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on February 11, 2011, and to submit to Judge McKinney proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held February 16, 2011, in accordance with Title 18 U.S.C. §3583 and Rule 32.1 of the *Federal Rules of Criminal Procedure.* Mr. Thompson appeared in person and with his appointed counsel, William Marsh, the Indiana Federal Community Defender. The government appeared by Barry Glickman, Assistant United States Attorney, for Josh Minkler, Assistant United States Attorney. Tasha Taylor, U. S. Parole and Probation officer, appeared and participated.

The Court conducted the following procedures in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That William Marsh, Office of Indiana Federal Defender, was appointed to represent Mr. Thompson in regard to the pending Petition and Supplemental Petition for Revocation of Supervised Release.

2. Copies of the Petition for Revocation of Supervised Release and Supplemental Petition for Revocation of Supervised Release were provided to Mr. Thompson and his counsel who informed the Court that they had read and understood the specification of violations and waived further reading thereof.

3. Mr. Thompson was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petitions.

4. Mr. Thompson was informed he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Thompson was informed he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Thompson was informed that if the preliminary hearing resulted in a finding of probable cause that Mr. Thompson had violated an alleged condition or conditions of his supervised release set forth in the Petitions, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation entered on February 15, 2011.

7. Mr. Marsh stated that Mr. Thompson desired to waive the preliminary examination and

proceed to the revocation phase of the proceedings. Mr. Thompson then waived the preliminary hearing in writing and was held to answer.

8. Mr. Marsh stated that Mr. Thompson would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release numbered 1, 2, 3, 4, and 5 set forth in the Petition, and as to specifications of violation of supervised release numbered 7 and 9, but not as to violations numbered 6 and 8 set forth in the Supplemental Petition. The government agreed that it would dismiss violations of supervised release numbered 6 and 8 of the Supplemental Petition, which was allowed by the Court.

9. The parties stated in open Court:

(1) That they were prepared to proceed to disposition of the pending Petition to revoke Mr. Thompson's supervised release in open Court that date.

(2) That both the government and Mr. Thompson agreed that defendant committed specification of violations numbered 1, 2, 3, 4 and 5 in the Petition for Warrant or Summons to Offender Under Supervision, filed January 24, 2011, and specification of violations numbered 7 and 9 in the Supplemental Petition for Warrant or Summons to Offender Under Supervision, filed February 11, 2011. The government moved to strike violations numbered 6 and 8 of the Supplemental Petition. The Court **GRANTED** same. The violations admitted to are as follows:

**Petition for Warrant or Summons for Offender Under Supervision, filed January 24, 2011:**

**Violation Number**     **Nature of Noncompliance**

      **1**          **"The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."**

Mr. Thompson began working for IFCO Systems N.A., Incorporated, in September 2010. He failed to report his termination to the probation officer. When the probation officer inquired about his employment status, he said he was one of several individuals who was laid-off from work. However, according to IFCO staff, he was terminated during his probationary period for poor performance and he will not be considered for rehire.

Throughout the course of his supervision, the offender has had only one other job a Champs Footwear, where he held a seasonal position and worked for approximately one month.

**2** **"The defendant shall participate in a program of testing and/or treatment for substance abuse and shall pay a portion of the fees of treatment as directed by the probation officer."**

Mr. Thompson failed to report to Volunteers of America (VOA) for substance abuse counseling on August 19, 2010, August 25, 2010, September 8, 2010, September 13, 2010, December 13, 2010, and January 10, 2011. Additionally, he failed to report for urinalysis testing on December 29, 2009, December 31, 2009, May 12, 2010 May 14, 2010, June 26, 2010, December 31, 2010, November 4, 2010, November 27, 2010, and December 4, 2010.

**3** **"The defendant shall refrain from any unlawful use of a controlled substance."**

**4** **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**

**5** **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

On December 22, 2010, Mr. Thompson submitted a urine sample which tested positive for cocaine. He denied using the drug, and on January 8, 2011, the sample was confirmed positive by Alere Laboratory. All subsequent urine samples have tested negative. Also, as previously reported to the Court, on July 29, 2009, May 29, 2010, July 4, 2010, July 13, 2010, and August 17, 2010, Mr. Thompson submitted urine samples which tested positive for marijuana. On August 4, 2009, he was confronted by the probation officer regarding the July 2009 sample and said he smoked marijuana

on approximately July 24, 2009. Regarding his May 2010 urine sample, on June 18, 2010, he told the probation officer he consumed "fake weed" referred to as "Spice," but denied using marijuana; however, subsequently on July 13, 2010, he admitted he used marijuana mixed with "Spice." Referring to his July 2010 urine samples, on August 20, 2010, he told the probation officer he used marijuana "heavy" during the month of July, and also on that day, he said he smoked marijuana on August 16, 2010, the night before reporting to VOA for residential placement.

**Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed February 11, 2011:**

| **Violation Number** | **Nature of Noncompliance** |
| --- | --- |
| 7 | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |
| | Mr. Thompson failed to notify the probation officer of his arrest. On February 4, 2011 he was confronted and said he did not think it was important to tell the probation officer because he did not believe he was intoxicated at the time of his arrest. |
| 9 | **"During any periods of unemployment, the defendant shall perform 16 hours of community service weekly as directed by the probation officer."** |
| | On January 13, 2011, the probation officer instructed the defendant to resume performing community service hours effective January 17, 2011. He was told to complete a total of 16 hours by January 21, 2011. He failed to do so. During a meeting with the probation officer on February 4, 2011, he acknowledged he did not resume community service the week of January 17th. He said he did not perform community service thereafter because he reported to Volunteers of America for residential placement on January 25, 2011. |

The Court placed Mr. Thompson under oath and directly inquired of Mr. Thompson whether he admitted the violation of specifications numbered 1, 2, 3, 4, and 5 of the Petition, filed January 24, 2011, and violation of specifications numbered 6 and 8 of the Supplemental Petition, filed

February 11, 2011 of his supervised release set forth above. Mr. Thompson stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated the following:

1) Mr. Thompson has a relevant criminal history category of III. *See, U.S.S.G. §7B1.4(a).*

2) The most serious grade of violation committed by Mr. Thompson constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Thompson is 8-14 months.

4) The parties agree that upon revocation, the appropriate disposition of the case, given the totality of the circumstances, would be revocation of Mr. Thompson's supervised release and that he be sentenced to the custody of the Attorney General or his designee for a period of 14 months, with no supervised release to follow.

5) Mr. Thompson is to begin service of his sentence immediately.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulations.

The Court placed Mr. Thompson under oath and he admitted the above violations.

The Court having heard the evidence and/or arguments of the defendant and his counsel, and the government, now finds that Mr. Thompson violated the specified conditions of supervised release as delineated in the Petition and Supplemental Petition to Revoke his supervised release.

Ms. Thompson's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 14 months. The service of the sentence shall begin immediately. It is recommended by the Magistrate Judge that Mr. Thompson be designated by the Attorney General of the United States and the Bureau of Prisons to the Federal Correctional Institute at Terre Haute, Indiana. At the conclusion of Mr. Thompson's term of confinement, he will not be subject to supervised release.

The Magistrate Judge requests that Tasha Taylor, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Thompson stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Thompson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Thompson's supervised release and the sentence imposed of imprisonment of 14 months in the custody of the Attorney General or his designee. The Magistrate Judge also recommends that the defendant be designated to the Federal Correctional Institution in Terre Haute, Indiana. Further, that upon Mr. Thompson's release from confinement, he will not be subject to supervised release.

IT IS SO RECOMMENDED this 16th day of February, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Josh Minkler,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Marsh,
The Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal